IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                            :          CASE NO.  08-00896(ESL)
                                                  :
JORGE A. VARGAS COBIAN,                           :          CHAPTER  7
IDALIA R. CALIMANO BENITO                         :
                                                  :
        Debtors                                   :
_____           :

OPINION AND ORDER

        This case is before the court upon the joint motion requesting approval of a sale of the alleged estate's participation in Bedminster Bioenergy Puerto Rico, Inc. ("BBPR") filed by Mr. John Grondin, as purchaser, and the chapter 7 trustee as representative of the estate (dkt. # 128), and the opposition thereto filed by the debtors.  The issue hinges on determining whether the property to be sold is property of the estate.

        Procedural Background

        Debtors filed a voluntary petition under chapter 13 on February 19, 2008.  On July 14, 2088 the court ordered the debtors to show that they met the eligibility requirements of 11 U.S.C. § 109 (e) as the unsecured debts exceeded $336,900.  The debtors moved for conversion to Chapter 7 during the hearing on confirmation scheduled for July 16, 2008.  The court granted the request.

        Mr. Wigberto Lugo Mender was appointed trustee for the estate.  On April 11, 2012 Mr. Grondin filed a notice of appearance as a party in interest.  Mr. Grondin is the President of BBPR.

        The motion and opposition

        On July 16, 2012 the trustee and Mr. Grondin, as a shareholder (50%) of BBPR, filed a joint motion to sell debtors' participation in BBPR for the amount of $25,000.  The debtors' interest in BBPR is 50% of the shares.  Codebtor Jorge A. Vargas Cobian is the Vice-President, Secretary and Treasurer of BBPR.  The basis for any alleged participation in BBPR stems from documents in a civil action before the Superior Court of Puerto Rico and a Rule 2004 examination conducted by Mr. Grondin.  The state action was initiated by Mr. Vargas and others against Mr. Grondin, BBPR and others.

On July 19, 2012 the debtors opposed the joint motion for sale of property alleging violations to Fed. R. Bankr. P. 6004 and questioning whether the property being sold is property of the estate. After several replies and sur-replies, the court scheduled the contested matter for a hearing. Thereafter, Mr. Grondin moved for summary judgment. The motion for summary judgment was denied on the ground that there were material issues of fact in controversy.

The hearing

The minutes of the hearing show the following:

1. Mr. Wigberto Lugo Mender, chapter 7 trustee, testified under oath regarding: his duties as chapter 7 trustee, having examined the debtors at the 341 meeting of creditors, liquidation of assets, distribution of funds and filing a final report. After filing the final report he was approached by Mr. John Grondin through his attorney informing of additional assets he was willing to purchase. After reviewing a complaint filed by the debtors against Mr. Grondin in state court, reviewing financial information regarding Bedminster Bioenergy Puerto Rico, Inc. ("BBPR"), and the transcript of a deposition given by Mr. Vargas Cobian, he concluded that there was a reasonable inference to determine that Mr. Vargas' interest in BBPR was property of the estate. He thought that the debtor had an interest in the corporation before it was incorporated. Therefore, he filed the joint motion with Mr. Grondin for the sale of debtor's interest in the corporation.

2. Upon the court's request, the parties reviewed the proposed findings of fact submitted by each, dkt. # 145 by the trustee and Mr. Grondin and dkt. # 147 by the debtors. The parties agree that the following facts are uncontested:

      a. Dkt. # 145: 1,2,3,4,6,7,8,9,11,12,15,18 and 19.
      b. Dkt. # 147: 1,2,3,4,5,7,8,9,10,13,14,17 and 19.

3. The court stated that the analysis it would follow to determine what is property of the estate in a chapter 13 case converted to chapter 7 (11 U.S.C. §§ 348 and 541) is the same as the one in In re Infante Ramon, 2012 WL 1344353, April 17, 2012 (Lamoutte, BJ). The critical date being the petition date, February 19, 2008 and 180 days thereafter. The court noted that the record shows July 16, 2008 as the conversion date [to chapter 7].

4. The critical issues before the court are what is the trustee selling, and thus, what is Mr. Grondin buying, and when the asset became property of the estate. If the asset being sold is property of the estate, then the trustee bears the burden of establishing that the settled amount of $25,000 is the reasonable value of the property of the estate being sold. The court is not clear as to what is the subject/asset [property of the estate] of the settlement sale. The corporation (BBPR) was incorporated on October 14, 2008 and the shares have not been issued. October 18, 2008 is more than 180 days from petition date. 11 U.S.C. § 541(a)(5).

5. In view of the above, the court ordered the parties as follows:

      a. Mr. John Grondin, purchaser, shall brief the court within 10 days on the facts and applicable law as to: what is Mr. Grondin buying and why it is property

of the estate.

b. The chapter 7 trustee, as seller and representative of the debtors' estate, shall brief the court within 10 days on the facts and applicable law as to what he is selling and why it is property of the estate. The chapter 7 trustee shall also brief the court as to why $25,000 is the reasonable value of the asset being sold.

c. The debtors shall reply to the motions filed by Mr. Grondin and the trustee within 14 days thereafter.

6. The above timetable was agreed upon by the parties as the purchasers deem time to be of the essence as the corporation procures contracts with the government and we are in the midst of an election.

7. The court stated that the responsibility of the trustee, as a fiduciary to the estate, is different than that of the purchaser. The statement was made because the request for approval of sale is a joint motion by the trustee and the purchaser.

8. After the memoranda is submitted, the court will determine if a further hearing is necessary.

After considering the post-hearing memoranda filed by the parties, the court finds that a further hearing is not necessary.

Discussion

After considering the evidence submitted at the hearing held on October 17, 2012, the pleadings, argument by counsel, the court hereby concludes that the factual and legal exposition by debtors in their post-hearing memorandum (dkt. # 157) is correct, both as to the applicable facts and law. In summary, the interest in BBPR was acquired by debtors more than 180 days after petition date and, thus, is not property of the estate pursuant to 11 U.S.C. § 541(a).

Moreover, the parties moving for the sale of debtors' participation in BBPR did not establish that the offer was for a reasonable value. The court understands the trustee's duty to reduce to money the property of the estate pursuant to 11 U.S.C. § 704 (a)(1) of what he perceived to be property of the estate. However, the purchaser's intent behind offer to purchase appears to be aimed at solving the issues which were being litigated in a state court action filed closed to two years after petition date.

CONCLUSION

In view of the foregoing, the court hereby denies the joint motion for the sale of Mr. Vargas' participation in BBPR as the same are not property of the estate pursuant to § 541 (a).

SO ORDERED.

In San Juan, Puerto Rico, this 3d. day of April, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge